11560

FURST & THOMAS v. MOORE *ET AL.*

(123 S. E., 825)

1. Guaranty—Whether Creditor Unreasonably Extended Credit to Principal Debtor Held for Jury.—In action against guarantors, whether creditor shipped unreasonable orders when principal debtor's account was in unsatisfactory condition *held* for jury.

2. Guaranty—Guaranty Held a Continuing One.—A guaranty contract, unlimited as to time, and object of which was to strengthen principal debtor's credit and to enlarge his opportunities, *held* a continuing one.

Before Tillman, J., County Court, Greenwood, December, 1923. Affirmed.

————————

Note.—For authorities discussing the question as to when a guaranty is a continuing one, see note in 39 L. R. A. (N. S.) 724.

Action by Furst & Thomas against Gary B. Moore and others. From a judgment entered on directed verdict against defendant Moore for $1,512.49 and a verdict against other defendants by the jury for $756.24 defendant Mattison and others appeal.

From the refusal to direct verdict for full amount against all defendants plaintiff appeals.

*Messrs. Bonham & Allen* and *Jones & Harrison,* for plaintiffs, cite: *Plaintiff not called on to notify guarantors as to status of account against Moore:* 52 L. R. A., 782.

*Messrs. Grier, Park & McDonald,* for defendants, appellant, cite: *Where continuing guaranty is unlimited as to time or amount time and amount must be reasonable under all the circumstances:* 12 R. C. L., 1062; 63 N. W., 245; 99 A. L. R., 196; 28 C. J., 960; 6 R. C. L., 897; 101 S. C., 522. *Question of reasonableness was for the Court:* 99 S. C., 134; 94 A. S. R., 504; 2 Greenl., 249; 14 Me., 57; 15 Me., 350; 24 Me., 131; 67 Me., 135; 16 Me., 164; 170 Mass., 63; 76 Fed., 492; 128 Ala., 221; 57 Mo. App., 400; 109 Pac., 16. *Amount of attorney's fees question of law for the Court:* 120 S. C., 385; 9 A. L. R., 1506; 118 S. C., 466. *Necessity of notice to guarantors:* 28 C. J., 963. *Court should charge on all issues:* 109 S. C., 253. *Motion for directed verdict insufficient:* 123 S. C., 39.

July 30, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The "case" contains the following statement:

"This action was commenced on May 25, 1923, by the plaintiffs, in the Greenwood County Court, against Gary B. Moore as principal, and the four other defendants as guarantors, on a balance due under a contract hereinafter set out. The case came on for trial in December, 1923, and resulted in a directed verdict against the defendant, Gary B. Moore,

in the sum of $1,512.49, and a verdict of the jury against the other defendants in the sum of $756.24. The plaintiffs are appealing from the refusal of his Honor to direct a verdict in their favor against all of the defendants in the sum of $1,512.49. The four guarantors are appealing from the failure of his Honor to direct a verdict in their favor, for overruling their motion for a new trial, and from certain portions of his charge."

The plaintiffs' exception is overruled, as his Honor was right in submitting the case to the jury as to the appellants. He submitted to the jury for their determination whether or not the plaintiffs shipped to Moore unreasonable orders when Moore's account was in an unsatisfactory condition, and we cannot say, under all of the facts and circumstances, that the verdict of the jury was capricious and without evidence to support it, or contrary to the law, as charged by his Honor.

As to the defendants' exceptions, we think the contract of guaranty that the appellants entered into was a continuing one. It is unlimited as to time and amount. It was the intention, as we gather from the contract entered into by the parties, that it was for an indefinite time for a future course of dealings between the parties, and we construe the contract to be a continuing guaranty. The object of the contract was to strengthen Moore's credit and enlarge his trading opportunities. The plaintiffs felt safe in extending credit to Moore by reason of the fact that they had a contract with the appellants of guaranty of Moore.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.